UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGG BECKER,<br><br>            Plaintiff,<br><br>    vs.<br><br>COMMUNITY HEALTH SYSTEMS, INC., d/b/a COMMUNITY HEALTH SYSTEMS PROFESSIONAL SERVICES CORPORATION d/b/a COMMUNITY HEALTH SYSTEMS PSC, INC. d/b/a ROCKWOOD CLINIC P.S.; and ROCKWOOD CLINIC, P.S.<br><br>            Defendants. | No. CV-12-185-LRS<br><br>**ORDER GRANTING MOTION FOR STAY AND TO AMEND** |

    **BEFORE THE COURT** is the Plaintiff's "Motion For Stay For Leave To Amend And Motion To Amend" (ECF No. 45). Plaintiff's Motion To Expedite Hearing (ECF No. 49) of the same is **GRANTED**.[1] The "Motion For Stay For Leave To Amend And Motion To Amend" is heard without oral argument.

    This matter was removed here from Spokane County Superior Court on the basis that Plaintiff's Complaint alleges violation of the Sarbanes-Oxley Act, 18

---

[1] Defendants filed responses to the Motion To Expedite (ECF Nos. 52 and 54) which, for all intents and purposes, respond to Plaintiff's substantive motion. As such, and for the reasons given herein, the court fails to see the need to require any additional response from Defendants.

**ORDER GRANTING MOTION FOR STAY AND TO AMEND-    1**

U.S.C. § 1514A (retaliation), 15 U.S.C. § 7201 et. seq. And 15 U.S.C. § 7241, and that Plaintiff's claims are based, in part, upon such a violation. (ECF No. 1). Plaintiff promptly filed a Motion To Remand (ECF No. 15), contending his cause of action against Defendants arises solely under state law- wrongful discharge in violation of public policy- and that he pleads no cause of action under the Sarbanes-Oxley Act. Plaintiff's motion contends the references to the Sarbanes-Oxley Act in his Complaint were merely intended to assert "that he subjectively believed and reported to the defendants his belief that they were demanding that he misreport financial information" and that "[s]uch misreporting is thus asserted not as a claim, but as the belief of Plaintiff Becker reported to the Defendants."

Plaintiff's "Motion For Stay For Leave To Amend And Motion To Amend" proposes to stay determination of his Motion To Remand for the purpose of allowing him to amend his Complaint to delete all references to the Sarbanes-Oxley Act. In its previous review of the briefing regarding the Motion To Remand, the court was struck with the thought that filing of an Amended Complaint might be a simple and effective resolution of the parties' vehement disagreement as to what is meant by the references to the Sarbanes-Oxley Act in the original Complaint. Plaintiff proposes he file his Amended Complaint "in the state court for use by both this federal court on the remand motion as well by the state court moving forward, depending on this court's resolution of the remand proceeding."

Plaintiff's Amended Complaint will need to be filed in this court as it is the court which is currently exercising subject matter jurisdiction over this action. It appears the Defendants have no objection to the filing of an Amended Complaint. Defendants suggest that Plaintiff is free to file an Amended Complaint without consent of Defendants or leave of the court because Defendants have not filed Answers to the original Complaint. The court is not sure that is so under the current version of Fed. R. Civ. P. 15(a), but in any case, the court will grant leave to file an Amended Complaint.

**ORDER GRANTING MOTION
 FOR STAY AND TO AMEND-    2**

Although the proposed Amended Complaint eliminates any suggestion of a federal claim, that will not, by itself, compel this court to remand the action to state court. 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Notwithstanding this rule, removal jurisdiction based on a federal question is determined from the complaint as it existed at the time of removal. *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1213 (9th Cir. 1998). When removal is based on federal question jurisdiction and all federal claims are subsequently eliminated from the lawsuit, "[i]t is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir. 2003)("Section 1447(c) does not mean that if a facially valid claim giving rise to federal jurisdiction is dismissed, then supplemental jurisdiction is vitiated and the case must be remanded. Once supplemental jurisdiction exists, it remains, subject to the discretionary provision for remand in section 1441"). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997)(en banc), quoting *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614 (1988). This discretion is "dependent upon what 'will best accommodate the values of economy, convenience, fairness, and comity . . . .'" *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991), quoting *Carnegie-Mellon*, 484 U.S. at 351.

This action was removed to this court on March 29, 2012. No scheduling order has been entered. Defendants have filed Motions To Dismiss (ECF Nos. 5, 9 and 13), but completion of the briefing on those motions and hearing of those motions has been stayed (ECF No. 38) pending resolution of Plaintiff's Motion To Remand. There is nothing to suggest Defendants will be prejudiced by a remand to

**ORDER GRANTING MOTION**
 **FOR STAY AND TO AMEND-    3**

Spokane County Superior Court.  Neither this court or any party has invested substantial resources into this action at the federal level.  The concerns of economy, convenience, and comity would be served by returning this action to state court.

     Plaintiff's "Motion For Stay For Leave To Amend And Motion To Amend" (ECF No. 45) is **GRANTED**.  Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff is granted leave to serve and file **in this court** the "Amended Complaint For Damages" appended to the Declaration Of Plaintiff's Counsel (ECF No. 47) which deletes all references to the Sarbanes-Oxley Act.  The caption of the document needs to be changed to reflect the Amended Complaint is to be filed in the "United States District Court For The Eastern District Of Washington," rather than the "Superior Court, State Of Washington, County Of Spokane."  Disposition of Plaintiff's Motion To Remand (ECF No. 15) is **STAYED** pending receipt of the Amended Complaint.  Upon receipt of the Amended Complaint. the court will remand the action to the Spokane County Superior Court pursuant to 28 U.S.C. §1447(c) without fees and costs being awarded to any party.

     **IT IS SO ORDERED**.  The District Court Executive is directed to enter this order and forward a copies to counsel of record.

     **DATED** this \_\_\_\_23rd\_\_\_ day of May, 2012.

                             *s/Lonny R. Suko*

                             LONNY R. SUKO
                         United States District Judge

**ORDER GRANTING MOTION**
 **FOR STAY AND TO AMEND-    4**